IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.	3:03CR150/RV
	3:06CV446/RV/MD

SHELTON PERDUE

## REPORT AND RECOMMENDATION

This matter is before the court upon a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 (doc. 136). The government has filed a response (doc. 142) and the defendant has filed a reply (doc. 148). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that defendant has not raised any issue requiring an evidentiary hearing, Rules Governing Section 2255 Cases 8(a) and (b), and that the motion should be denied.

**I. BACKGROUND**

Defendant Shelton Perdue along with Bradford Potts and Marline D. Purifoy were charged in a single count indictment with conspiracy to possess with intent to distribute five kilograms or more of a mixture and substance containing a detectible amount of cocaine in violation of 21 U.S.C. § 841(a)(1) and fifty grams or more of a mixture and substance containing cocaine base in violation of 21 U.S.C. § 841(b)(1)(A)(ii) and (iii). (Doc. 13). The government filed a notice of enhancement indicating its intent to seek increased penalties against defendant Perdue due to his prior controlled substance offenses. (Doc. 26). Co-

defendant Marlin Purifoy entered into a plea and cooperation agreement (doc. 46) and the remaining two defendants proceeded to trial. Perdue was represented by appointed counsel Stephen E. Sutherland. Both defendants were found guilty as charged, and were found to be accountable for both five kilograms or more of cocaine powder and 50 grams or more of cocaine base. (Doc. 56 & 57).

Using the marijuana equivalency, the PSR attributed 7,192.80 kilograms of marijuana to the defendant Perdue, yielding a base offense level of 34. Although the PSR initially included a two level upward adjustment for obstruction of justice due to defendant's escape attempt, this was deleted after the court heard testimony at sentencing. With a criminal history category of V, the applicable guidelines range was 235 to 293 months. Defendant was sentenced to a term of 267 months imprisonment, at the mid-point of the applicable range. (Doc. 68 & 69, 95 at 52).

Perdue and Potts appealed, arguing that there was insufficient evidence to convict them of conspiracy, that the district court erred by allowing testimony about drug transactions that occurred before the alleged conspiracy, and that the district court committed error under *Blakely/Booker* at sentencing. Their convictions and sentences were upheld. (Doc. 118).

In the present motion, defendant contends that counsel was constitutionally ineffective with respect to his advice about whether defendant should enter a guilty plea or proceed to trial due to his failure to investigate defendant's prior convictions. The government opposes the motion.

## II. LEGAL ANALYSIS

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. *Massaro v. United States,* 538 U.S. 500, 503, 123 S.Ct. 1690, 1693, 155 L.Ed.2d 714 (2003); *see also United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002); *United States v. Jiminez*, 983 F.2d 1020, 1022, n. 1 (11th Cir. 1993). To show a violation of his constitutional right to counsel, defendant must demonstrate both

that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d (1984); *Williams v. Taylor*, 529 U.S. 362, 390, 120 S.Ct. 1495, 1511, 146 L.Ed.2d 389 (2000). "*Strickland's* two-part test also applies where a prisoner contends ineffective assistance led him or her to enter an improvident guilty plea." *Yordan v. Dugger,* 909 F.2d 474, 477 (11th Cir. 1990) (citing *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). In applying *Strickland*, the court may dispose of an ineffective assistance claim if defendant fails to carry his burden on either of the two prongs. 466 U.S. at 697, 104 S.Ct. at 2069.

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Id*. at 688, 104 S.Ct. at 2065; *see Atkins v. Singletary*, 965 F.2d 952 (11th Cir. 1992). "[R]eviewing courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance." *Yordan v. Dugger*, 909 F.2d 474, 477 (11th Cir. 1990) (citing *Harich v. Dugger*, 844 F.2d 1464, 1469 (11th Cir. 1988); *Chandler v. United States,* 218 F.3d 1305, 1314 (11th Cir. 2000); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation")). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *United State v. Freixas*, 332 F.3d 1314, 1319-1320 (11th Cir. 2003). (quoting *Brownlee v. Haley*, 306 F.3d 1043, 1059 (11th Cir. 2002)(quoting *Strickland*, 466 U.S. at 687, 689-90, 104 S.Ct. at 2064-66 and *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc)). When examining the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect." *Chandler*, 218 F.3d at 1316 n. 18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different.

*Case No: 3:03cr150/RV; 3:06cv446/RV/MD*

*Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.  For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him."  *Lockhart v. Fretwell*, 506 U.S. 364, 369-70, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993).  Defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687). Or in the case of alleged sentencing errors, defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. *Glover v. United States*, 531 U.S. 198, 203-04, 121 S.Ct. 696, 700-01, 148 L.Ed.2d 604 (2001).  A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance."  *Id.*

To establish ineffective assistance, defendant must provide factual support for his contentions regarding counsel's performance.  *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir.), *cert. denied*, 484 U.S. 863, 108 S.Ct. 181, 98 L.Ed.2d 133 (1987).  Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *Wilson v. United States,* 962 F.2d 996, 998 (11th Cir. 1992); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (citing *Blackledge*, 431 U.S. at 74, 97 S.Ct. at 1629); *United States v. Ross*, 147 Fed.Appx. 936, 939 (11th Cir. 2005).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between."  *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).  This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000), *cert. denied*, 122 S.Ct. 234 (2001).

Defendant asserts that he advised counsel that he wanted to enter a plea of guilty and waive his right to trial. He maintains that counsel informed him that he would have to plead guilty to life in prison because of the two prior convictions listed in the government's notice of enhancement, and that he therefore told counsel he did not want to plead guilty to a life sentence. He states that he asked counsel about the possibility of pleading to less than a life sentence, and that counsel explained that he would first have to plead to a life sentence, and if the government chose to file a 5K1 motion, defendant could receive a lesser sentence. Because defendant understood there were no guarantees that a 5K1 would be filed, he was afraid to enter a guilty plea. After his trial, he learned that one of his prior convictions listed in the Notice of Enhancement was actually a misdemeanor and therefore he did not receive a life sentence as he had anticipated. Defendant asserts that counsel was ineffective for failing to investigate the prior convictions, because had defendant known that he could receive a benefit under the guidelines for acceptance of responsibility exclusive of the 5K1, he would have pleaded guilty and received a lesser sentence. He also states that he would have cooperated in hopes of receiving a 5K1 or a Rule 35 motion.[1]

The government asserts that defendant has failed to establish the requisite prejudice. First, counsel states in his affidavit at least five times words to the effect that defendant maintained his innocence and was not interested in a plea of guilty whether pursuant to an agreement or straight up. (Doc. 142, exh. 1). The government also points to paragraph 45 of defendant's PSR which corroborates this, stating that "Attorney Sutherland commented the defendant has always maintained his innocence in this case." At sentencing, in response to questioning from the district court, defendant indicated that he had carefully read and gone over the PSR with counsel, that he had not found any factual errors that had not been corrected, and that as far as he could tell the report was accurate. (Doc. 95 at 2-3). Thus, defendant failed to speak up, if in fact this assertion was

---

[1] Although unlikely, the mere fact that defendant proceeded to trial would not have precluded sincere efforts at cooperation. Defendant's expressed willingness, after the fact, to cooperate seemingly contradicts the government's comment at sentencing that the defendant had "refused to cooperate and has done nothing to assist law enforcement in this, despite requests for his assistance at the time of his arrest." (Doc. 95 at 51).

not accurate, although he informed the court just prior to the imposition of sentence that he had not found out that he had only one felony drug conviction until after his trial. (Doc. 95 at 51).

Counsel further states in his affidavit that defendant was advised more than once that *if* he was convicted and the government could prove he had one prior felony drug conviction he would receive a mandatory minimum twenty year sentence, or a mandatory life sentence *if* the government could prove two prior felony drug convictions, unless the court departed based on his provision of substantial assistance. Counsel states that he has no notes or memory of defendant ever asking him for a plea agreement, although counsel did discuss such an agreement with him. The government states in its memorandum that the plea agreement provided to counsel for discussion with his client specifically contained language leaving the question of the legal viability of the two convictions open. (Doc. 142 at 23, n.5).

The defendant asserts in his reply that he never advised counsel that he wanted to go to trial because he was innocent. He states that his decision to go to trial was based on the fact that, because of the government's Notice of Enhancement, the only plea offer he could get was for mandatory life, and if he had to serve a life sentence, he wanted the government to prove its case. Defendant maintains that counsel never told him "if" defendant had two felony convictions he would get a life sentence, but rather that counsel stated "because of" the notice of enhancement, he would get a life sentence. He reiterates that had counsel investigated his prior convictions and determined that only one was a felony, he would have admitted his guilt and pleaded guilty and received a downward departure for acceptance of responsibility and 22 months less in prison.

Defendant made a similar assertion in his motion to dismiss trial attorney and appoint new attorney on appeal, dated June 12, 2004. (Doc. 91). In that motion, defendant claimed that counsel was ineffective for inducing and misleading him to take his case to trial. He stated that counsel told him he was certainly facing life in prison because his sentence would be enhanced by his two prior convictions, and that when he asked about the possibility of a plea, counsel stated that a plea would only bring him three points

down and would not get him out of a life sentence.  In denying the defendant's motion, the district court stated that it had

> fully considered all of the circumstances, including any possible acceptance of responsibility by the defendant, in imposing a sentence of 267 months in this case.  This sentence is only 27 months more than the 240 months minimum mandatory otherwise required by law, and is approximately the same sentence I would have imposed if the defendant had pled guilty and not gone to trial.

(Doc. 96).

Therefore, based in part of the defendant's failure to contradict the statement in the PSR that he had "always maintained his innocence," and as such that he would not have been able to enter a guilty plea, and in part on the district court's statement that the sentence defendant received was "approximately" the same sentence he would have received had he elected to plead guilty and proceed to trial, the court finds that the defendant has failed to make the requisite showing of prejudice under *Strickland.*

Defendant also has failed to establish deficient performance.  He has not cited and the court has not found any case law which suggests that counsel's performance fell below an objective standard of reasonableness when he accepted the government's characterization of his client's prior convictions as set forth in a notice of enhancement, rather than conduct an independent investigation of these convictions prior to trial.  In light of the fact that the defendant would be the person in the best position to know whether his prior convictions were misdemeanors or felonies, the court cannot say that no competent counsel would have taken the course of action taken by defendant's counsel in this case.  See *Freixas, supra; Williamson, supra.*  The court also notes that defendant's regret and second-guessing his refusal to cooperate with the government does not provide the basis for an ineffective assistance of counsel claim.  *See United States v. Butler*, 118 Fed. App. 371, 373 (10th Cir. 2004).

Based on the foregoing, it is respectfully RECOMMENDED:

The motion to vacate, set aside, or correct sentence (doc. 136)  be DENIED.

At Pensacola, Florida, this 27th day of April, 2007.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).